IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

BRUNEIDA MARIA RAMOS, on behalf
of herself and others similarly situated,

    Plaintiff,

vs.

Case No. 09-002803 CI-007
COLLECTIVE ACTION

BARFIELD BAY PROPERTIES, INC.,
a Florida Corporation, RONALD L.
GLAS and ANDREW P. WRIGHT,

    Defendants.

_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff Bruneida Maria Ramos ("Plaintiff") on behalf of herself and others similarly situated, hereby sues Defendants Barfield Bay Properties, Inc., a Florida corporation ("Barfield Bay"), Ronald L. Glas, and Andrew P. Wright (collectively "Defendants") and alleges as follows:

### INTRODUCTION

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA") to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and all others similarly situated who are or were employed by Defendants.

2. During the three years prior to the filing of this action ("Liability Period"), Defendants had a policy and practice of requiring or permitting employees to work in excess of forty (40) hours in each workweek without paying them time and one half their regular rate as required by the FLSA.

1

3. Pursuant to the FLSA, Plaintiff, on behalf of Plaintiff and others similarly situated, seeks overtime compensation, liquidated damages, post-judgment interest and attorneys' fees and costs from Defendants.

4. Subsequent to the filing of this action, Plaintiff may request this Court to authorize concurrent notice to all employees similarly situated to Plaintiff who are or were employed by Defendants during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over these claims as the events giving rise to the claims occurred in Hillsborough County, Florida.

6. Venue is proper in this Court as the claims seeks over $15,000.00.

## PARTIES

7. Plaintiff was and is a resident of Hillsborough County, Florida.

8. Defendant Barfield Bay was and is a Florida corporation conducting business in Hillsborough County, Florida and subject to the requirements of the FLSA.

9. Defendant Robert L. Glas was and is the owner and principal of Barfield Bay.

10. Defendant Andrew P. Wright was and is a principal of Barfield Bay.

11. During the Liability Period, Defendants Robert L. Glas and Andrew P. Wright acted directly in the interests of Barfield Bay in relation to its employees, maintained operational control over Barfield Bay, and controlled significant functions of the business operations of Barfield Bay.

12. During the Liability Period, Defendants Robert L. Glas and Andrew P. Wright exercised control over the terms and conditions of Plaintiff's employment and the employment

2

of those similarly situated to Plaintiff, and over the terms and conditions of compensation of Barfield Bay. *Andrew yes*

13. At all times material, Plaintiff and others similarly situated to Plaintiff were employees of Defendants pursuant to 29 U.S.C. § 203(e)(1), Defendants were the employer of Plaintiff and others similarly situated to Plaintiff within the meaning of 29 U.S.C. § 203(a) and (d), and Defendants employed Plaintiff and others similarly situated to Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

14. Barfield Bay is a property management company.

15. Plaintiff and others similarly situated to Plaintiff were employed by Defendants during the Liability Period to work as property managers.

16. Upon information and belief, Defendants had at least two employees.

17. Upon information and belief, Defendants do at least $500,000 a year in business.

18. Plaintiff and others similarly situated to Plaintiff were engaged in interstate commerce or in the production of goods for commerce.

19. Plaintiff and others similarly situated to Plaintiff performed duties such that they did not satisfy the requirements for any of the exemptions set forth in the FLSA.

20. Plaintiff and others similarly situated to Plaintiff were threatened with and received disciplinary deductions from their pay.

21. These deductions and threats of deductions are unlawful for salaried employees under the FLSA and destroy any claim Defendants' may have that Plaintiff and others similarly situated to Plaintiff meet the requirements for any of the exemptions set forth in the FLSA.



*@ 3 people - $5 deductions*

3

22. Plaintiff and others similarly situated to Plaintiff regularly worked in excess of forty (40) hours in a workweek while employed by Defendant.

23. Despite working in excess of forty (40) hours in a workweek, Plaintiff and others similarly situated to Plaintiff did not receive overtime payments at a rate not less than one and one-half (1 and 1/2) times their regular rate for such overtime hours.

24. Upon information and belief, there are numerous persons similarly situated to Plaintiff who are and were employed by Defendants during the Liability Period who worked in excess of forty (40) hours in a workweek.

25. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

26. Plaintiff demands a trial by jury on all claims alleged herein.

## COUNT I
## VIOLATIONS OF THE OVERTIME
## REQUIREMENTS OF THE FLSA AS TO PLAINTIFF

27. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 26 as if fully stated herein.

28. Defendants' failure to provide Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times his regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

29. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff and all employees similarly situated who join in this action prays that this Court:

a. accept jurisdiction over this action;

4

  b. award damages for the amount of unpaid overtime compensation owed to Plaintiff;

  c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to Plaintiff;

  d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

  e. authorize the issuance of notice at the earliest possible time to all employees similarly situated to Plaintiff who were employed by Defendants during the Liability Period; and

  f. award all other relief as the Court deems just and appropriate.

## COUNT II
## VIOLATIONS OF THE OVERTIME REQUIREMENTS OF
## THE FLSA AS TO OTHERS SIMILARLY SITUATED TO PLAINTIFF

30. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25 as if fully stated herein.

31. Defendants' failure to provide to employees similarly situated to Plaintiff overtime compensation at a rate not less than one and one-half (1 and 1/2) times their regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

32. Defendants' violations of the FLSA were knowing and willful.

WHEREFORE, Plaintiff prays on behalf of others similarly situated to Plaintiff that this Court:

  a. accept jurisdiction over this action;

  b. award damages for the amount of unpaid overtime compensation owed to them;

c. award liquidated damages, pursuant to 29 U.S.C. § 216(b), in an amount equal to the overtime compensation owed to them;

d. award post-judgment interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

e. award all other relief as the Court deems just and appropriate.

Respectfully submitted,

*[signature]*

Ryan D. Barack
Florida Bar No. 0148430
Michelle Erin Nadeau
Florida Bar No. 0060396
Kwall, Showers & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiff

6