UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUNEIDA MARIA RAMOS,

                Plaintiff,                CASE NO.   8:09-CV-567

vs.

BARFIELD BAY PROPERTIES, INC.
RONALD L. GLAS and ANDREW P. WRIGHT,

                Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW**, Defendant, Barfield Bay Properties, Inc. ("BBP" or "Defendant Barfield")[1], by and though undersigned counsel and in response to the individually numbered paragraphs of Plaintiff's, Bruneida Maria Ramos, Complaint, responds as follows:

### INTRODUCTION

1. Defendant admits the basis upon which Plaintiff seeks to invoke the jurisdiction of this Court but denies that there is any factual or legal basis for liability.

2. Denied.

3. Defendant admits the basis upon which Plaintiff seeks to invoke the jurisdiction of this Court but denies that there is any factual or legal basis for liability pursuant to the FLSA.

4. Defendant admits that Plaintiff may seek notice of allege similarly situated employees but denies that there is any basis to invoke the class action jurisdiction of this Court. Further, Defendant avers that Plaintiff is an inadequate class representative.

---

[1] At the time of filing the removal pleadings with this Court, there was no proper return of service in the State Court action as to any Defendant. Subsequent to removing this case, Defendant BBP learned that service was attempted a second time on an unauthorized agent of BBP on March 25, 2009. In an abundance of caution, BBP is answering on its own behalf. To date, no service has been made on either individual Defendant and their Motion to Quash remains pending with this Court.

## JURISDICTION AND VENUE

5. Admitted.

6. Admitted.

## PARTIES

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

## GENERAL ALLEGATIONS

14. Admitted.

15. Defendant is without knowledge regarding how Plaintiff is attempting to define those "similarly situated," therefore, the allegation of this Paragraph is denied.

16. Defendant BBP admits that it had at least two employees at all times material hereto. This allegation is denied as to individual Defendants, Ronald L. Glas ("Glas") and Andrew P. Wright ("Wright").

17. Defendant BBP admits that it did at least $500,000.00 a year in business at times relevant to this lawsuit. This allegation is denied with regard to individual Defendants, Glas and Wright.

18. Defendant is without knowledge regarding how Plaintiff is attempting to define those "similarly situated" and, therefore, this allegation is denied as to those allegedly similarly situated. Defendant admits that Plaintiff was engaged in interstate commerce.

19. Denied.

20. Defendant admits that Plaintiff received a disciplinary deduction from her pay. The remaining allegations of this Paragraph are denied as to those who were allegedly "similarly situated."

21. Denied. Defendant avers that to the extent any such deductions were made, they were de minimus and, therefore, did not destroy any applicable exemptions.

22. Denied.

23. Defendant BBP admits that Plaintiff did not receive overtime payments because she was exempt from the overtime requirements of the FLSA because she meets the requirements of the executive and administrative exemptions.

24. Denied.

25. Defendant is without knowledge regarding the allegations of this Paragraph, therefore, they are denied.

26. No response is required to this jury trial demand.

## COUNT I
## VIOLATIONS OF THE OVERTIME REQUIREMENTS
## OF THE FLSA AS TO PLAINTIFF

27. Defendant hereby incorporates by reference the admissions and denials as set forth above in response to Paragraphs 1 through 26.

28. Denied.

29. Denied.

## COUNT II
## VIOLATIONS OF THE OVERTIME REQUIREMENTS OF
## THE FLSA AS TO OTHERS SIMILARLY SITUATED TO PLAINTIFF

30. Defendant hereby incorporates by reference the admissions and denials as set forth above in response to Paragraphs 1 through 25.

31. Denied.

32. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

All claims for unpaid overtime compensation accruing prior to two years before the filing of the instant lawsuit are barred by the applicable statute of limitations contained in 29 U.S.C. §255(a).

### SECOND AFFIRMATIVE DEFENSE

The putative class members identified by Plaintiff (property managers) were not similarly situated to the Plaintiff within the meaning of the FLSA and, accordingly, this case may not proceed as a collective action.

### THIRD AFFIRMATIVE DEFENSE

Defendant acted in good faith and had reasonable grounds for believing that Plaintiff, as well as all of its property managers, were appropriately compensated in accordance with the requirements of the FLSA by classifying them as exempt based on the "executive" and the "administrative" exemptions.

### FOURTH AFFIRMATIVE DEFENSE

Assuming arguendo, for purposes of this Fourth Affirmative Defense only, that Defendant engaged in any overtime violations of the FLSA, said violations were de minimus.

Plaintiff received a disciplinary reduction from her pay on one occasion in the total amount of $6.00.

### FIFTH AFFIRMATIVE DEFENSE

Assuming arguendo, for purposes of this Fifth Affirmative Defense only, that Defendant improperly deducted pay for disciplinary reasons from otherwise exempt employees, at all times material hereto, BBP did not have an "actual practice" of making improper deductions from salary. Further, BBP should enjoy the "safe harbor" provided by the FLSA because it has clearly communicated a policy prohibiting improper deductions, tendered reimbursement to employees for any improper deductions and made a good faith commitment to comply in the future.

### SIXTH AFFIRMATIVE DEFENSE

Defendants Glas and Wright are improperly named as individual Defendants to this action. Neither Glas nor Wright directed the day-to-day operations of the business or of Plaintiff. Further, the Complaint makes no factual allegations regarding Ronald Glas.

**WHEREFORE,** Defendant, Barfield Bay Properties, Inc., respectfully requests that this Court dismiss this lawsuit with prejudice and award Defendant its reasonable attorneys' fees and costs and other such relief as this Court finds appropriate.

Respectfully submitted,

SHUMAKER, LOOP & KENDRICK, LLP

By: _____
MARY LI CREASY, ESQ.
Florida Bar No. 0888310
mcreasy@slk-law.com
MICHELE LEO HINTSON, ESQ.
Florida Bar No. 604941
Mhintson@slk-law.com
101 East Kennedy Boulevard – Suite 2800
Tampa, Florida 33602-5151
PH:   813.229.7600
FAX:  813.229.1660
Attorneys for Defendant, Barfield Bay Properties, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 7, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Michelle Erin Nadeau, Esq., 133 North Fort Harrison Avenue, Clearwater, Florida 33755.

_____
ATTORNEY